UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| ) | |
| Zarephath Academy Inc., ) | Case No.: 3:21-bk-01792-RCT |
| ) | |
| ) | Jointly Administered with |
| Apostolic Assemblies of Jesus Christ, ) | Case No. 3:21-bk-01793-RCT |
| Inc., ) | |
| Debtors. ) | |
| _____ ) | |

### UNITED STATES TRUSTEE'S MOTION
### TO DISMISS WITH 180-DAY BAR AGAINST REFILING[1]

Mary Ida Townson, United States Trustee for Region 21 (the "United States Trustee"), by and through the undersigned counsel and pursuant to 11 U.S.C. § 1112(b), moves this Court to dismiss the instant case and the jointly administered cases of the debtors for cause, including the debtors' failure to comply with the orders of this Court, the U.S. Bankruptcy Code, and the United States Trustee Guidelines for Chapter 11 Debtors-in-Possession. In support, the United States Trustee states:

### SUMMARY OF ARGUMENT

The jointly administered debtors, Zaraphath Academy Inc. ("ZAI") and Apostolic Assemblies of Jesus Christ, Inc. ("AAJC") (collectively "Debtors"), have utterly failed to perform their duties as debtors-in-possession in this case as required under Local Rule 2081-1 and this Court's orders (Doc. Nos. 13 and 15). The Debtors have: (i) failed to provide the United States

---

[1] The United States Trustee does not seek conversion of these cases to chapter 7 because the Debtors arguably are non-profit entities not subject to involuntary conversion. 11 U.S.C. § 1112(c).

Trustee and the subchapter V trustee, Jerrett McConnell ("Mr. McConnell"), with required documents; (ii) failed to file operating reports; (iii) failed to pay the interim fees to Mr. McConnell; and (iv) failed to hire a professional accountant. The Debtors' gross disregard for the requirements of debtors-in-possession demonstrates cause to dismiss this case with a 180-day bar against refiling.

## STANDING

1.  The United States Trustee has standing to file motions to dismiss chapter 11 cases under 11 U.S.C. §§ 307 and 1112(b)(1), as well as 28 U.S.C. § 586.

## BACKGROUND

2.  The Debtors voluntarily filed bankruptcy petitions under chapter 11 of the U.S. Bankruptcy Code on July 21, 2021. (Doc. No. 1.)

3.  On July 23, 2021, Mr. McConnell was appointed as the subchapter V trustee in the Debtors' cases. (Doc. No. 5.)

4.  On August 6, 2021, the Court granted joint administration of the Debtors' cases.

5.  On July 27, 2021, the Court entered the Order Prescribing Procedures in Chapter 11 Subchapter V Case ("Order") (Doc. No. 13). Among other requirements, this Order requires the Debtors to: (i) cooperate with Mr. McConnell; (ii) pay Mr. McConnell $1,000.00 per month as the subchapter V trustee; (iii) maintain debtor-in-possession bank accounts; (iv) file past-due tax returns; and (v) file monthly operating reports. The Order states that failure to comply may result in sanctions including, but not limited to, dismissal of the Debtors' cases. (*Id*. at 3, ¶ 13.)

6.  The section 341 meeting of creditors ("341 Meeting") was held and concluded on September 1, 2021.

7. As of the filing of this motion, there are numerous deficiencies in the Debtors' cases, including the following:

   a. The Debtors have yet to hire an accountant, despite their acknowledged need for an accountant to assist with unfiled tax returns and tracking expenses.

   b. The Debtors have not amended their schedules, even though their schedules are admittedly incorrect. As discussed at the 341 Meeting, and in a follow-up email from the undersigned to Debtors' counsel, ZAI's schedules fail to properly classify the tax debt and fails to itemize their inventory. ZAI's schedules also omit a debt owed to Regions Bank. AAJC's schedules fail to list two secured creditors and fails to itemize their inventory. In addition to these specific issues, the Debtors acknowledged at their 341 Meeting that the schedules are poorly drafted and in need of substantial revision.

   c. The Debtors are delinquent in their tax filings. Claim 1-2 filed by the Internal Revenue Service in ZAI's case reflects that several Form 940 tax returns remain outstanding. The Debtors cannot successfully reorganize unless, and until, they know the full extent of their tax indebtedness.

   d. The Debtors have not made any of the required $1,000 payments to Mr. McConnell.

   e. The Debtors have not filed the required operating reports for August 2021.

   f. The Debtors have failed to provide the United States Trustee and Mr. McConnell with requested information and documentation regarding the grant which the Debtors propose will fund their plan of reorganization.

8. On September 22, 2021, the Court held a status conference wherein the Debtors acknowledged the accuracy of the United States Trustee's list of deficiencies and agreed to

promptly cure the deficiencies.

9. As of the filing of this motion, the deficiencies have not been cured.

10. The United States Trustee has consulted with Mr. McConnell regarding this motion, and he agrees that this motion is timely and appropriate.

## ANALYSIS

11. Pursuant to 11 U.S.C. § 1112(b), where "cause' is shown on the motion of a party in interest, the bankruptcy court shall dismiss a chapter 11 case. Statutory examples of cause include the following: (i) gross mismanagement of the estate (§ 1112(b)(4)(B); (ii) failure to comply with an order of the Court (§ 1112(b)(4)(E)); (iii) unexcused failure to meet any timely filing requirement (§ 1112(b)(4)(F)); and (iv) failure to timely provide information to the United States Trustee (§ 1112(b)(4)(H)).

12. The Debtors have failed to file any monthly operating reports in this case. Dismissal for cause is therefore warranted under 11 U.S.C. § 1112(b)(4)(E) and (F).

13. The Debtors have not filed corrected schedules as reasonably requested by the United States Trustee. Failure to cooperate with the United States Trustee in furnishing requested information is grounds for dismissal under 11 U.S.C. § 1112(b)(4)(C), (E) and (H).

14. The Debtors have failed to make interim payments to the subchapter V trustee as required by the Court's Order. Such failure is grounds for dismissal under 11 U.S.C. § 1112(b)(4)(E).

15. The Debtors have failed to hire an accountant to address the Debtors' delinquent tax filings and acknowledged issues tracking expenses. Such failure, and the underlying issues that require the hiring of an accountant, constitute grounds for dismissal under 11 U.S.C. § 1112(b)(4)(B).

**REQUEST FOR 180-DAY BAR AGAINST REFILING**

16. This case should be dismissed with a 180-day bar against refiling. Pursuant to 11 U.S.C. § 349(a), the Court may impose a bar against refiling for cause. The Court may also dismiss a case with a 180-day bar against refiling pursuant to 11 U.S.C. § 109(g) for any willful failure to abide by a court order, including the Order Prescribing Procedures in this case. (Doc. No. 13). A 180-day bar against refiling is warranted here due to the Debtors' failure to comply with the Local Rules and this Court's Order, despite repeated requests by the United States Trustee and Mr. McConnell regarding the Debtors' violations of specific requirements mandated by the Order.

**CONCLUSION**

17. The matters set forth above constitute grounds for the dismissal of this case under 11 U.S.C. §§ 1112(b) for cause.

18. The estimated time required for a hearing on the matters set forth herein is ten minutes.

**WHEREFORE**, the United States Trustee requests the Court enter an order granting this motion and dismissing Debtors' chapter 11 cases with an 180-day bar against refiling.

Dated:   October 4, 2021.               Respectfully Submitted,

                                        Mary Ida Townson
                                        United States Trustee for Region 21

                                        */s/   Scott Bomkamp*
                                        Scott Bomkamp, Trial Attorney
                                        Office of the United States Trustee
                                        U.S. Department of Justice
                                        400 W. Washington St., Suite 1100
                                        Orlando, FL 32801
                                        Telephone No.:   (407) 648-6301
                                        Facsimile No.:   (407) 648-6323
                                        Email: scott.e.bomkamp@usdoj.gov
                                        Indiana Bar No.: 28475-49

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served electronically through CM/ECF on October 4, 2021, to all parties having appeared electronically in this matter and by first class mail on the following.

Zarephath Academy Inc.
1028 E. 10th St.
Jacksonville, FL 32206

Apostolic Assemblies of Jesus Christ Inc
1028 East 10th Street
Jacksonville, Fl 32206

                                                          /s/  Scott Bomkamp
                                           Scott Bomkamp, Trial Attorney